UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

BAR-RAY PRODUCTS, INC., :
       Plaintiff :
        :
vs. : CIVIL NO. 1:14-CV-00439
        :
        :
INFAB CORPORATION, :
       Defendant :

*M E M O R A N D U M*

*I.*       *Introduction*

      We are considering a motion to dismiss filed by Defendant Infab Corporation. (Doc. 6). This matter relates to a dispute concerning the use of a trademark. Plaintiff filed a complaint asking us to enter a judgment declaring that its trademark is not confusingly similar to Defendant's and that it has the right to continue using its mark. (Doc. 1). Defendant filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3), arguing that we lack personal jurisdiction, and alternatively, this court is not the proper venue. (Doc. 6; Doc. 7). For the reasons discussed below, we find that we lack personal jurisdiction over Infab Corporation, and we transfer the case to the United States District Court for the Central District of California.

*II.*       *Background*

      Plaintiff Bar-Ray Products is a Pennsylvania corporation with its principal place of business in Littlestown, Pennsylvania. (Doc. 1 at 2). Defendant Infab Corporation is incorporated under the laws of California and has its principal place of

business in Camarillo, California.  (Id.).  Both parties are in the business of manufacturing and selling products that protect users from the harmful effects of x-ray radiation.  (Id.).  Plaintiff developed computer software for customers to use in conjunction with its products and offered the software to its customers under the trademark "SmartID."  (Id.).  Defendant offers an analogous computer software to its customers.  (Doc. 1 at 6).  The trademark Defendant uses for that software is "Smart Track."  (Id.).

On or about February 27, 2014, Plaintiff received a letter from Defendant.  (Doc. 1 at 6).  Defendant advised Plaintiff that its use of the "SmartID" trademark infringed on Defendant's "Smart Track" name.  (Doc. 1 at 6-9).  Defendant asserted, among other things, that "SmartID" was confusingly similar to "Smart Track," and Plaintiff was violating the Lanham Act and California law.  (Id.).  Accordingly, Defendant demanded that Plaintiff cease and desist from using the SmartID trademark.  (Id.).  In response, Plaintiff commenced the instant action on March 10, 2014, seeking declaratory judgment.  On April 4, 2014, Defendant entered a special appearance and filed its motion to dismiss.

*III.       Discussion*

*A.  Standard of Review*

The plaintiff bears the burden of establishing the court's personal jurisdiction over the defendant.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93 (3d Cir. 2004).  Although we "must accept all of the allegations in the complaint as true and construe disputed facts in favor of the plaintiff,"  Pinker v. Roche Holdings Ltd., 292 F.3d

361, 368 (3d Cir. 2002), once a jurisdictional defense is raised, the plaintiff must prove, through affidavits or other competent evidence, sufficient contact with the forum state to establish personal jurisdiction.  Dayhoff, Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).  At the preliminary stages of litigation, if an evidentiary hearing is not held on the motion, the plaintiff need only demonstrate a prima facie case.  Miller Yacht Sales, Inc., 384 F.3d at 97.

### B. Personal Jurisdiction Over Defendant Infab Corporation

Federal district courts have personal jurisdiction over defendants to the same extent as a state court of general jurisdiction where the district court sits.  FED. R. CIV. P. 4(k)(1)(A).  In Pennsylvania, courts of general jurisdiction enjoy personal jurisdiction to the "fullest extent allowed under the Constitution of the United States."  42 PA. CONS. STAT. § 5322(b).  Accordingly, our jurisdiction extends to the constitutional limit as well.  "The Due Process Clause of the Fourteenth Amendment sets out the outer boundaries of a . . . tribunal's authority to proceed against a defendant."  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. ___, 131 S. Ct. 2846 (2011).  Its "requirements are satisfied when in personam jurisdiction is asserted over a non-resident corporate defendant that has 'certain minimum contacts with the forum such that the maintenance of suit does not offend traditional notions of fair play and substantial justice.'"  Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

### 1. Infab Corporation's Contacts with Pennsylvania

Since 2009, approximately $224,000 of Infab's products were sold to Pennsylvania customers, accounting for less than one percent of Infab's total sales during that period. (Doc. 28 at 11-15; Doc. 30 at 3). These sales were accomplished in a variety of ways. Some Pennsylvania customers contacted Infab's California location directly. (Doc. 28 at 3). Other customers placed orders with an Infab sales representative who is stationed in New York and travels into Pennsylvania to sell Infab products.[1] (Doc. 28 at 15). Last, some customers purchased Infab products through distributors. Approximately eleven distributors received orders for Infab products from Pennsylvania customers. (Doc. 28 at 9). Three of those distributors are physically located in Pennsylvania. (Id.). Additionally, one distributor, CoreArmor, is located outside of Pennsylvania but has an interactive e-commerce website, which allows it to have a virtual presence in Pennsylvania and sell products to Pennsylvania customers over the internet. (Doc. 28 at 15-18). All distributors, however, are business entities separate and distinct from Defendant Infab. (Doc. 30 at 6).

In addition to the sale of products, Infab's contacts with Pennsylvania include the following. First, between June 2013 and August 2014, Infab purchased approximately $6,300 worth of products from a Pennsylvania supplier. (Doc. 30 at 11). Next, a Pennsylvania publisher issued a press release concerning Infab's "Smart Track" software and distributed the press release within Pennsylvania. (Doc. 28 at 18). Infab

---

1. Plaintiff asserts that Defendant has a sales representative, but does not direct us to record evidence to support the assertion. We find no denial by Defendant, however, concerning the existence of such sales representative. For purposes of our discussion, we will assume Defendant does employ such a sales representative.

asserts that the press release was not published at its request. (Doc. 30 at 11). Next, Infab sent the cease and desist letter to Plaintiff concerning its use of the "SmartID" trademark. (Id.). Finally, Plaintiff asserts that Infab has contacts with Pennsylvania because it has ongoing warranty obligations on the products sold in Pennsylvania. (Doc. 28 at 19).

### *2. Sufficiency of Infab's Contacts with Pennsylvania*

The "certain minimum contacts" requirement is satisfied if the defendant's affiliations with the forum state are sufficient to confer specific jurisdiction or general jurisdiction. Perkins v. Benguet Consol. Mining Co., 342 U.S. 437 (1952). Plaintiff asserts that the distributors of Infab products are agents of Defendant Infab, and the distributors' contacts should be imputed to Infab. Thus, the Pennsylvania contacts of Infab and the distributors, in the aggregate, provide us with general jurisdiction.[2] We disagree.

General jurisdiction allows a court to hear any and all claims against a foreign defendant (sister state or foreign country) when the defendant's contacts with the forum are not just continuous and systematic, but when the defendant has continuous and systematic contacts that "are so constant and pervasive 'as to render it essentially at home in the forum state.'" Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014) (quoting Goodyear, 131 S. Ct. at 2851)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile." Daimler, 134 S. Ct. at 760. "With

---

2. Plaintiff does not argue that we have specific jurisdiction over Defendant. See (Doc. 28 at 4).

respect to a corporation, the place of incorporation and principal place of business are the paradigm bases for general jurisdiction." Id.  Although these are not the only forums that may exercise general jurisdiction over a foreign defendant, more is required than a "substantial, continuous, and systematic course of business." Id. at 750, 759-62 (holding that the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business is unacceptably grasping). We find that even if we assume that the distributors are agents,[3] and we graft the distributors' contacts onto Defendant Infab, we do not have general jurisdiction.

      Infab's contacts with Pennsylvania include three distributors with physical locations in Pennsylvania and one distributor with a virtual presence, the sale of products accounting for less than one percent of its total sales, a sales representative that sporadically travels into Pennsylvania, the purchase of a nominal amount of supplies from Pennsylvania, possible warranty obligations, a press release concerning the Smart Track software, and a cease and desist letter.  Such minimal presence falls far short of placing Defendant Infab in same category as a corporate defendant that is incorporated in Pennsylvania or that has its principal place of business in Pennsylvania. See Daimler, 134 S. Ct. 750, 759-62 (denying general jurisdiction over a foreign defendant that had a

---

3. For an agency relationship to exist, there must be (1) a manifestation by the principal that the agent shall act on the principal's behalf and subject to the principal's control, and (2) the agent manifests assent or otherwise consents so to act. Castle Cheese, Inc. v. MS Produce, Inc., No. 04-878, 2008 WL 4372856 at * 8 (W.D. Pa. Sept. 19, 2008).  Here, however, there is no evidence that Infab had control over any distributor. See, e.g., (Doc. 30-1 at 98-100) (stating that CoreArmor was not under the control of Infab).  For sake of our discussion, however, we will assume they are agents.

subsidiary with three physical locations in the forum state and that sold 2.4% of the defendant's worldwide sales in the forum state); cf. Perkins, 342 U.S. at 447-48 (finding general jurisdiction when defendant moved offices to forum, maintained company files and oversaw company activities from within forum, held directors meetings in the forum, and maintained multiple bank accounts in the forum).  At most, Infab has a continuous and systematic course of business in Pennsylvania.  Yet, that is not enough.  The defendant must be essentially at home in order for us to enjoy all-purpose general jurisdiction. See Goodyear, 131 S.Ct. at 2852.  Plaintiff acknowledges that it does not satisfy such a standard when it states in its brief that "[a]lthough Infab's connections with Pennsylvania are not those of a company located in Pennsylvania, . . . its affiliations with Pennsylvania in the conduct of its business are significant, continuous, and systematic . . . ." (Doc. 28 at 8).   Having affiliation with Pennsylvania similar to that of a company located in Pennsylvania is precisely what general jurisdiction requires, and here, such affiliation is absent. See Goodyear, 131 S.Ct. at 2852; Perkins, 342 U.S. at 437.  Accordingly, we find that the we lack personal jurisdiction over Defendant Infab.

### C. Transfer of Case

The final issue to resolve is whether to dismiss the case outright or transfer it. Defendant asks us to dismiss the case in its entirety, or alternatively, transfer it to the United States District Court for the Central District of California.  (Doc. 30 at 15).  Similarly, Plaintiff asserts that if we lack personal jurisdiction, the case should be transferred to the Central District of California.  (Doc. 28 at 21).   A court may transfer a

case, in the interest of justice, to any other court in which the action could have been brought.  28 U.S.C. § 1631.  The court has broad discretion in deciding whether it should exercise its authority to transfer, see Romann v. Geissenberger Mfg. Corp., 865 F. Supp. 255, 263 (E.D. Pa. 1994)., and the power to transfer exists even where the court cannot exercise personal jurisdiction over the defendant.  See Founds v. Shedaker, 278 F. Supp. 32, 33 (E.D. Pa. 1968).  Because both parties agree on the proper district for this case, we will transfer the case, including all pending motions, to our sister court in the Central District of California.

*IV.        Conclusion*

For reasons discussed above, we find that we do not have personal jurisdiction over Defendant Infab Corporation and we will transfer the case to the United States District Court for the Central District of California. We will issue an appropriate order.

/s/William W. Caldwell  
William W. Caldwell  
United States District Judge